In the Matter of the Claim of SONIA FARBER et al., Respondents, v. HARBOR SHOES COMPANY, INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

*Per Curiam.* This is an appeal from a decision of the Workmen's Compensation Board allowing death benefits to the claimant widow. This case was previously affirmed by this court (12 A D 2d 578) but thereafter reversed and remitted by the Court of Appeals (10 N Y 2d 875) on the ground that the hypothetical question asked of claimant's doctor included statements not supported by evidence and on the uncorroborated hearsay testimony of the claimant. The record now shows that upon remittal a new hypothetical question was proposed, eliminating the objectionable parts as found by the Court of Appeals. We have previously determined that there was substantial evidence to sustain the board's finding. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

ARLEN OF NANUET, INC., et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 39972.) BERNARD S. SIEGEL et al., Respondents, v. STATE OF NEW YORK, Respondent. (Claim No. 40099.) LAKE NANUET CORPORATION, Respondent, v. STATE OF NEW YORK, Respondent. (Claim No. 42265.)

*Per Curiam.* We find no reason to disturb the exercise of discretion by the Court of Claims in directing joint trial of the claim of the fee owners and that of the tenants, arising out of appropriations for highway purposes; nor do we perceive any ground for appellants' apprehension that upon a joint trial the court will necessarily adopt the measure of damage which appellants consider to be erroneous, and as to which we express no opinion. Order affirmed, with one bill of costs to respondents. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

JOSEPHINE AVERSA, Appellant, v. WALTER M. RUHTZ et al., Respondents.

*Per Curiam.* There is some indication that the trial court had not intended the dismissal, upon plaintiff's attorney's failure to appear at the time fixed for trial, to be upon the merits; at the most, the trial court, when asked, failed to make clear whether or not that was its intent. In any event, and under all the circumstances, we conclude that proper exercise of the trial court's discretion required dismissal on terms (CPLR 3216) and that the orders and judgment appealed from should be modified, on the law and the facts and in the exercise of discretion, by deleting therefrom the provisions for dismissal upon the merits and so as to provide that such dismissal be without prejudice to the commencement of a new action for the same cause upon payment of defendants' costs and disbursements in the prior action, including costs upon this appeal; and, as so modified, affirmed. The circumstances were somewhat unusual and our conclusion does not by any means suggest a policy that dismissals should not be upon the merits in cases more aggrevated than this. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.